THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| DP CREATIONS, LLC dba BOUNTIFUL BABY, a Utah limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>SUZHOU HUIMEIYANG INFORMATION TECHNOLOGY CO., LTD. (Li Su) dba myanghui, an unknown business entity,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR DISCOVERY AFTER CLERK'S ENTRY OF DEFAULT<br><br>Case No. 2:23-cv-00234-DBB-JCB<br><br>District Judge David Barlow<br><br>Magistrate Judge Jared C. Bennett |

District Judge David Barlow referred this case to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Plaintiff DP Creations, LLC dba Bountiful Baby's ("Bountiful Baby") motion for discovery after clerk's entry of default.[2] For the reasons set forth below, the court grants Bountiful Baby's motion.

Bountiful Baby filed its complaint in this case on April 11, 2023, which alleges that Defendant Suzhou Huimeiyang Information Technology Co., Ltd. (Li Su) dba myanghui ("Defendant") sells counterfeit products on Amazon.com ("Amazon") that infringe on Bountiful Baby's intellectual property.[3] On May 3, 2023, Bountiful Baby filed a motion for alternative

---

[1] ECF No. 7.

[2] ECF No. 15.

[3] ECF No. 2.

service of process under Fed. R. Civ. P. 4(f)(3), in which Bountiful Baby requested permission to serve process on Defendant by email.[4] The court granted Bountiful Baby's motion the following day.[5] On May 8, 2023, Bountiful Baby filed a declaration of service, which indicates that Bountiful Baby served Defendant with process by email on May 5, 2023.[6]

After Defendant failed to timely appear or otherwise defend in this case, Bountiful Baby moved for entry of Defendant's default on August 2, 2023.[7] The Clerk of Court entered a default certificate against Defendant the following day.[8] On August 8, 2023, Bountiful Baby filed the motion currently before the court, in which Bountiful Baby seeks to conduct limited discovery from Amazon regarding Defendant's sales of counterfeit products through Amazon for the product listings identified in Bountiful Baby's complaint.[9] Bountiful Baby seeks that discovery for the purpose of supporting a forthcoming motion for default judgment against Defendant.

"The district court has broad discretion over the control of discovery . . . ."[10] Accordingly, the court may authorize a party to conduct discovery prior to a Fed. R. Civ. P. 26(f) conference.[11] This court has allowed discovery following entry of default but prior to the filing of a motion for default judgment when it "serves judicial economy by allowing [the] [p]laintiff to be accurate in

---

[4] ECF No. 6.
[5] ECF No. 8.
[6] ECF No. 11.
[7] ECF No. 13.
[8] ECF No. 14.
[9] ECF No. 15.
[10] *Sec. & Exch. Comm'n v. Merrill Scott & Assocs., Ltd.*, 600 F.3d 1262, 1271 (10th Cir. 2010) (quotations and citations omitted).
[11] Fed. R. Civ. P. 26(d)(1).

its [damages] calculations" and when the "[d]efendants['] lack of a response has halted the adversary process."[12]

Defendant has failed to timely appear or otherwise defend in this case, and, consequently, a default certificate has been entered against Defendant. As such, the parties have not conferred as required by Fed. R. Civ. P. 26(f). Nevertheless, the court exercises its discretion to allow Bountiful Baby to conduct limited discovery from Amazon prior to a Fed. R. Civ. P. 26(f) conference with Defendant. Permitting that discovery serves the interests of judicial economy because it will permit Bountiful Baby to accurately calculate its damages.

Accordingly, the court GRANTS Bountiful Baby's motion for discovery after clerk's entry of default[13] and ORDERS that Bountiful Baby is permitted to conduct limited discovery from Amazon regarding Defendant's sales of counterfeit products through Amazon for the product listings identified in Bountiful Baby's complaint.

IT IS SO ORDERED.

DATED this 10th day of August 2023.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[12] *Neck Hammock, Inc. v. Bianli Zhang,* No. 2:19-cv-00506-DAK-DBP, 2020 WL 1433857, at *1 (D. Utah Mar. 24, 2020).

[13] ECF No. 15.