THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| DP CREATIONS, LLC dba BOUNTIFUL BABY, a Utah limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>SUZHOU HUIMEIYANG INFORMATION TECHNOLOGY CO., LTD. (LI SU) dba MYANGHUI, an unknown business entity<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART PLAINTIFF'S [21] MOTION FOR DEFAULT JUDGMENT**<br><br>Case No. 2:23-cv-00234<br><br>District Judge David Barlow |

Before the court is Plaintiff DP Creations, LLC dba Bountiful Baby's ("Bountiful Baby") Motion for Default Judgment and Permanent Injunction. For the reasons explained below, the court grants in part the Motion.

## BACKGROUND

Bountiful Baby is a Utah company that sells supplies for realistic baby dolls known as "reborn dolls."[1] The company obtained federal copyrights for several products,[2] which Defendant Suzhou Huimeiyang Information Technology Co., Ltd. ("Li Su") allegedly copied and sold through Amazon.com without authorization.[3] Bountiful Baby asserts that Li Su

---

[1] Verified Compl. ¶ 10 (hereinafter V. Compl.).
[2] V. Compl. ¶ 11.
[3] V. Compl. ¶¶ 11–12.

1

counterfeited at least three of its copyrighted sculptures,[4] selling same through at least two

different Amazon listings.[5] The sculptures comprise the component parts of a doll named

Darren.[6]

Bountiful Baby filed suit for copyright infringement.[7] Later, Bountiful Baby moved for

entry of default, and the clerk of the court issued a default certificate.[8] Bountiful Baby then

moved for default judgment after Li Su failed to appear or timely respond.[9]

## DISCUSSION

Bountiful Baby moves for the court to enter default judgment in the amount of $450,000

in statutory damages and $5,637.20 in attorneys' fees.[10] It also requests an entry of a permanent

injunction against Li Su.[11]

### I.    Default Judgment

A plaintiff must follow a two-step process to obtain a default judgment. It must first

obtain a certificate from the clerk of the court. Under Rule 55(a) of the Federal Rules of Civil

Procedure, the clerk "must enter the party's default" when the "party against whom a judgment

for affirmative relief is sought has failed to plead or otherwise defend" and the plaintiff

demonstrates such failure by affidavit."[12] The second step requires a plaintiff to apply for default

---

[4] V. Compl. ¶¶ 11, Exs. A–C (referencing U.S. Copyright Registration Nos. VA 2-255-282, "Darren Sleeping Head;" VA 2-281-257, "Darren Awake/Asleep Arms;" VA 2-281-255, "Darren Awake-Asleep Legs.").
[5] V. Compl. 12, Exs. D–E.
[6] V. Compl. ¶¶ 11–12.
[7] V. Compl.
[8] Entry of Default Certificate, ECF No. 14.
[9] Mot. for Default J., ECF No. 28, filed January 31, 2024.
[10] Mot. for Default J. 20.
[11] Mot. for Default J. 20.
[12] Fed. R. Civ. P. 55(a).

judgment from the clerk or from the court.[13] A clerk of the court may enter judgment only if "the plaintiff's claim is for a sum certain or a sum that can be made certain by computation."[14]

When a plaintiff applies for default judgment from the court, the court must ensure that it has jurisdiction over the movant's claims and the party against whom the default judgment is requested.[15] Once jurisdiction has been established, "'it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.'"[16] "[E]ntry of default is committed to the sound discretion of the district court."[17]

After Li Su failed to appear in court, Bountiful Baby moved for entry of default and received a default certificate from the clerk of the court.[18] Bountiful Baby seeks entry of default judgment from the court. The court first evaluates whether it has jurisdiction over the claims and Li Su.

A. Jurisdiction

Under 28 U.S.C. § 1331, the court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."[19] Because Bountiful Baby asserts

---

[13] Fed R. Civ. P. 55(b).
[14] Fed. R. Civ. P. 55(b)(1).
[15] *Bixler v. Foster*, 596 F.3d 751, 761 (10th Cir. 2010).
[16] *Id*. at 762 (quoting 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2688, at 63 (3d ed. 1998)).
[17] *Tripodi v. Welch*, 810 F.3d 761, 764 (10th Cir. 2016).
[18] Entry of Default Certificate, ECF No. 14.
[19] 28 U.S.C. § 1331.

copyright infringement claims under federal law, the court has federal question jurisdiction over the action.[20]

Turning to personal jurisdiction, there are "two types of personal jurisdiction: 'general' (sometimes called 'all-purpose') jurisdiction and 'specific' (sometimes called 'case-linked') jurisdiction."[21] Bountiful Baby asserts that the court has specific jurisdiction over Li Su and does not raise an argument that general jurisdiction is appropriate.[22] "In determining whether a federal court has personal jurisdiction over a defendant, the court must determine (1) whether the applicable statute potentially confers jurisdiction by authorizing service of process on the defendant and (2) the exercise of jurisdiction comports with due process."[23]

Bountiful Baby asserts that jurisdiction is authorized under Federal Rule of Civil Procedure 4(k)(2).[24] The Rule "allows courts to examine a defendant's contacts with the United States as a whole, as opposed to contacts with a particular state."[25] In a civil action based on a federal question, Rule 4(k) provides so-called federal long-arm jurisdiction if "the defendant is not subject to jurisdiction in any state's courts of general jurisdiction" and "exercising jurisdiction is consistent with the United States Constitution and laws."[26] The defendant bears

---

[20] V. Compl. ¶ 13–21 (asserting copyright infringement claim under 17 U.S.C. § 106 *et seq.*).

[21] *Bristol-Meyers Squibb Co. v. Superior Ct. of Cal., San Francisco Cty.*, 137 U.S. 255, 262 (2017).

[22] Mot. for Summ. J. 2.

[23] *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008).

[24] Mot. for Summ. J. 2.

[25] *Compania de Inversiones Mercantiles, S.A. v. Grupo Cementos de Chihuahua S.A.B. de C.V.*, 970 F.3d 1269, 1282 (10th Cir. 2020).

[26] Fed. R. Civ. P. 4(k)(2); *See Synthes (U.S.A.) v. G.M. Dos Reis Jr. Ind. Com. de Equip. Medico*, 563 F.3d 1285, 1291 (Fed. Cir. 2009); *Levine v. Palestine Liberation Org.*, 688 F. Supp. 3d 1001, 1007–08 (D. Colo. Aug. 23, 2023), *appeal filed*, No. 23-1286 (10th Cir. Sept. 14, 2023) ("This Rule serves as a federal long-arm statute, which allows a district court to exercise personal jurisdiction over a foreign defendant whose contacts with the United States, but not with the forum state, satisfy due process." (citation omitted)).

the initial burden in identifying a state in which a lawsuit could proceed.[27] When a defendant fails to meet this initial burden, the court is entitled to use Rule 4(k)(2).[28] Given its default, Li Su fails to offer any state in which Bountiful Baby can bring suit. The sole remaining issue is thus whether the court's exercise of personal jurisdiction comports with constitutional due process.

### 1.    Minimum Contacts

Due process "requires constitutionally sufficient 'minimum contacts' between the defendant and the forum."[29] To evaluate whether the test has been met, courts generally ask (1) "the extent to which the defendant 'purposefully availed' itself of the privilege of conducting activities within the forum,"[30] (2) "whether the defendant purposefully directed its activities at residents of the forum state, [and (3)] whether the plaintiff's injury arose from those purposefully directed activities."[31]

"[A] defendant need not be physically present in a state to have 'expressly aimed' his conduct there."[32] However, "[m]ere foreseeability of causing injury in another state is insufficient to establish purposeful direction."[33] But "where the defendant deliberately has engaged in significant activities within a State, . . . he manifestly has availed himself of the privilege of conducting business there."[34] The minimum contacts test is thus the "product of both

---

[27] *Grupo Cementos*, 970 F.3d at 1284.

[28] *CGC Holding Co., LLC v. Hutchens*, 974 F.3d 1201, 1208–09 (10th Cir. 2020).

[29] *Grupo Cementos*, 970 F.3d at 1281.

[30] *Burger King v. Rudzewicz*, 471 U.S. 462, 475 (1985).

[31] *Newsome v. Gallacher*, 722, F3d 1257, 1264 (10th Cir. 2013).

[32] *Id.* at 970.

[33] *Old Republic Ins. Co. v. Cont'l Motors, Inc.*, 877 F.3d 895, 907 (10th Cir. 2017) (citing *Burger King*, 471 U.S. at 475).

[34] *Burger King*, 471 U.S. 475–76.

the quantity and quality of a defendant's contacts with the forum."[35] The *Calder* "effects" test is relevant here. The "test analyzes whether an out-of-state defendant's [alleged] tortious conduct satisfies three elements: '(1) an intentional action; (2) expressly aimed at the forum state; and (3) . . . knowledge that the brunt of the injury would be felt in the forum state.'"[36]

The uncontested allegations demonstrate purposeful direction towards the United States. Li Su maintained an online store with Amazon.com, a U.S. company. Over the course of a two-year period, Li Su made close to four thousand sales amounting to at least $100,405.95 in revenue.[37] The listings are in U.S. dollars.[38] The packages were shipped to U.S. residents.[39] These facts show that Li Su not only was aware that its products were being purchased in the United States—its business was availing the privileges of the U.S. market. Thousands of sales in this context cannot be random or fortuitous.

Bountiful Baby demonstrates that Li Su knew that its unauthorized sales of a U.S. company's protected product would cause the company to suffer an injury in the U.S. Li Su sold products that infringed Bountiful Baby's products, which were created in Utah and sold on a U.S.-based online marketplace.[40] After Li Su received warnings that it was selling infringing products online, Li Su submitted false counter-notifications so that it could maintain its listings.[41] The counter-notification falsely stated that Li Su had "a good faith belief that the

---

[35] *XMission, L.C. v. Fluent LLC*, 955 F.3d 833, 840 (10th Cir. 2020).
[36] *Jayson*, 32 F.4th at 967 (citing *Calder v. Jones*, 465 U.S. 783 (1984)).
[37] Decl. of Brian N. Platt in Supp. of Mot. for Default J. ¶ 2, ECF No. 28-1, filed February 4, 2024 [hereinafter Platt Decl.].
[38] V. Compl. Ex. D, E.
[39] Platt Decl. ¶ 2.
[40] V. Compl. ¶ 6, 10–12.
[41] V. Compl. ¶ 18, Ex. F.

material identified in the Notice of Infringement was removed or disabled as a result of a mistake."[42] These counter-notifications indicate that Li Su was aware of the harm done to Bountiful Baby, but it continued selling anyway.

### 2.    Fair Play and Substantial Justice

Next, due process also requires that the exercise of personal jurisdiction over the defendant "be consonant with traditional notions of fair play and substantial justice[.]"[43] "Even if the plaintiff satisfies the [minimum contacts] requirements, the defendant can defeat jurisdiction by presenting a 'compelling case that the presence of some other considerations would render jurisdiction unreasonable.'"[44] This inquiry "evokes a sliding scale: the weaker the plaintiff's showing on minimum contacts, the less a defendant need show in terms of unreasonableness to defeat jurisdiction."[45] To that end, the following is typically considered: "(1) the burden placed on the defendant; (2) the forum state's interests in resolving the dispute, (3) the plaintiff's interest in receiving convenient and effectual relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several states [or foreign nations] in furthering fundamental social policies."[46] "Still, instances where the exercise of personal jurisdiction offends fair play and substantial justice are 'rare.'"[47] The court addresses each factor in turn.

---

[42] V. Compl. Ex. F.
[43] *Old Republic*, 877 F.3d at 903 (citing *Burger King*, 471 U.S. at 476).
[44] *XMission*, 955 F.3d at 840.
[45] *TH Agriculture & Nutrition, LLC v. Ace European Grp. Ltd.*, 488 F.3d 1282, 1292 (10th Cir. 2007).
[46] *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1095 (10th Cir. 1998) (citing *Asahi Metal Indus. Co., v. Superior Ct. of Cal.*, 480 U.S. 102, 113 (1987)).
[47] *Grupo Cementos*, 970 F.3d at 1289 (quoting *Rusakiewicz v. Lowe*, 556 F.3d 1095, 1102 (10th Cir. 2009)).

### a.    Burden on Li Su

"The unique burdens placed upon one who must defend oneself in a foreign legal system should have significant weight in assessing the reasonableness of stretching the long arm of personal jurisdiction over national borders."[48] Li Su is based in China.[49] Being haled into court in the United States is a burden. However, "modern [technological] advances may minimize the burden" on foreign defendants.[50] Indeed, Li Su utilized modern advances to reach the United States to sell its products. By doing so, it has demonstrated an ability to engage with the forum. Given the revenue that Li Su has generated from its infringing products, and because modern advancements have lessened the burden on Li Su, its burden is not unreasonable. This factor does not favor either party.

### b.    Forum States' Interests

"States have an important interest in providing a forum in which their residents can seek redress for injuries caused by out-of-state actors."[51] The United States has a significant interest in seeking redress for injuries to a Utah company caused by Li Su. This factor weighs in favor of jurisdiction.

### c.    Bountiful Baby's Interests in Convenient and Effective Relief

This factor "hinges on whether the [p]laintiff may receive convenient and effective relief in another forum."[52] The factor favors exercising jurisdiction "where a [p]laintiff's chances of

---

[48] *Asahi*, 480 U.S. at 114.
[49] V. Compl. ¶ 5.
[50] *TH Agric.*, 488 F.3d at 1293.
[51] *OMI Holdings*, 149 F.3d at 1096.
[52] *Id.* at 1097.

recovery will be greatly diminished by forcing him to litigate in another forum because of that forum's laws or because the burden may be so overwhelming as to practically foreclose pursuit of the lawsuit."[53] Bountiful Baby has not provided information as to whether effective or convenient relief is available in China. However, Bountiful Baby's copyrights were issued by the United States and their protection is best effectuated in the United States' court system. This factor favors jurisdiction.

### d.   Interstate Judicial System's Interest

This factor evaluates "whether the forum state is the most efficient place to litigate the dispute."[54] This inquiry reviews "the location of witnesses," "what forum's substantive law governs the case," and "whether jurisdiction is necessary to prevent piecemeal litigation."[55] Bountiful Baby notes that some discovery might be needed in China where the product is manufactured and packaged.[56] However, the copyrighted works were created and designed in Utah, and the online marketplace, Amazon.com, is based in the United States. The copyright itself was issued by the United States— it makes sense for the United States' judicial system to oversee its enforcement. This factor favors jurisdiction.

### e.   Shared Interest of the Several States and Foreign Nations

Lastly, the court considers "whether the exercise of personal jurisdiction by [the forum state] affects the substantive social policy interests of other states or foreign nations."[57] The

---

[53] *OMI Holdings*, 149 F.3d at 1097.
[54] *Id.* at 1097.
[55] *Id.*
[56] Mot. for Default J. 9.
[57] *OMI Holdings*, 149 F.3d at 1097.

existence of a "conflict with a foreign nation's sovereignty 'is not dispositive because, if given controlling weight, it would always prevent suit against a foreign national in a United States court.'"[58] However, "great care and reserve should be exercised when extending our notions of personal jurisdiction into the international field."[59]

Li Su is a Chinese entity, but it does business in the United States. By doing so, it is bound by United States law. It does not appear that exercising jurisdiction over Li Su in this case would affect Chinese policy interests or sovereignty adversely or improperly. This factor weighs in favor of exercising jurisdiction.

To sum, four factors weigh in favor of Bountiful Baby. One factor favors neither party. The court thus finds that its jurisdiction over Li Su does not violate traditional notions of fair play and substantial justice. Having found that jurisdiction comports with due process and is authorized by Federal Rule of Civil Procedure 4(k)(2), the court has jurisdiction over Li Su.

### B.    Bountiful Baby's Basis for Relief

A default judgment must be supported by a sufficient basis in the pleadings.[60] Typically, they are only available "when the adversary process has been halted because of an essentially unresponsive party."[61] A defendant's default alone does not warrant entering a default judgment.[62] The court still must determine whether the unchallenged facts meet the requirements

---

[58] *Id.* (quoting *Gates Learjet Corp. v. Jensen*, 743, F.2d 1225, 1333 (9th Cir. 1984)).

[59] *Asahi*, 480 U.S. at 115 (cleaned up).

[60] *Tripodi v. Welch*, 810 F.3d 761, 765 (10th Cir. 2016) (citing *Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010)).

[61] *Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444 (10th Cir. 1983) (alteration in original) (citation omitted).

[62] *Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010).

for a cause of action because "a party in default does not admit mere conclusions of law."[63] Because Li Su has failed to appear or defend itself against Bountiful Baby's claim,[64] the court may enter a default judgment if the pleadings constitute a cause of action.

"'To establish [copyright] infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.'"[65] It has been clearly established that Bountiful Baby owns the copyrights at issue, U.S. Copyright Registration Nos. VA 2-255-282, "Darren Sleeping Head;" VA 2-281-257, "Darren Awake/Asleep Arms;" VA 2-281-255, "Darren Awake/Asleep Legs" ("Asserted Copyrights").[66] Only the second element, copying, is in question. This element has two components. "First, a plaintiff must demonstrate that the defendant copied the plaintiff's work 'as a factual matter.'"[67] "Second, the plaintiff must establish 'substantial similarity' between the allegedly infringing work and the elements of the copyrighted work that are legally protected."[68] This substantial similarity component requires a court to determine "(1) which elements of the copyrighted work are protectable, and (2) whether these elements are substantially similar to the accused work."[69]

---

[63] *Id.* (quoting 10 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2688, at 63 (3d ed. 1998)).
[64] Entry of Default Certificate, ECF No. 14.
[65] *Blehm v. Jacobs*, 702 F.3d 1193, 1199 (10th Cir. 2012) (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)).
[66] V. Compl. ¶¶ 11, Exs. A–C.
[67] *Blehm v. Jacobs*, 702 F.3d 1193, 199 (10th Cir. 2012) (quoting *Gates Rubber Co. v. Bando Chem. Indus., Ltd.*, 9 F.3d 823, 832 (10th Cir. 1993)).
[68] *Blehm*, 702 F.3d at 1199 (quoting *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 942 (10th Cir. 2002)).
[69] *Savant Homes, Inc. v. Collins*, 809 F.3d 1133, 1138 (10th Cir. 2016) (citing *Blehm*, 702 F.3d at 1200)).

Bountiful Baby asserts that each doll model is an independent work, created using 3D scans of real infants.[70] The component pieces of a doll model are each separately copyrighted.[71] Li Su allegedly copied three of these works, which are protected by the Asserted Copyrights.[72] The first element has been met.

The second element evaluates whether the copy is substantially similar to the original work. Courts in this circuit apply the "abstraction-filtration-comparison" test to "ensure [they] are comparing only those protectable elements of plaintiff's work to defendant's work."[73] However, this test typically requires an "extensive analysis," which may not be appropriate for every case.[74] When the work in question is "relatively simple," courts have utilized a simplified version of the test that has the same goal: "separating the unprotectable [elements] from protectable [elements] in . . . [the] copyrighted works and comparing the remaining protectable [elements] to the [copied work] to determine whether they are substantially similar."[75] This test is appropriate given the nature of the alleged infringement in this case.[76]

Bountiful Baby did not produce exemplar infringing Li Su doll heads, arms, or legs. Instead, Bountiful Baby submitted screenshots from amazon.com for the court's review. In comparing the Li Su doll head[77] and the Darren Sleeping Head,[78] the shape and size of the nose

---

[70] V. Compl. ¶¶ 1, 6; Decl. of Nevin Pratt ¶ 4, ECF No. 23, filed January 31, 2024 [hereinafter Nevin Pratt Decl.].

[71] Nevin Pratt Decl. ¶ 13.

[72] V. Compl. ¶¶ 11–12.

[73] *Paycom Payroll, LLC v. Richison*, 758 F.3d 1198, 1205 (10th Cir. 2014) (citing *Country Kids 'N City Slicks, Inc. v. Sheen*, 77 F.3d 1280, 1284 (10th Cir. 1996)).

[74] *Blehm*, 702 F.3d at 1200 n.4.

[75] *See id.* at 1200 n.5.

[76] *See DP Creations, LLC v. Zhang*, No. 2:22-cv-00693, 2024 WL 642963 at *8 (D. Utah February 15, 2024).

[77] V. Compl. ¶ 12 and Exs. D, E.

[78] V. Compl. ¶ 11 (depicting VA-2-281-282).

12

appear to be identical. The eyes have the same shape and angle and a similarly positioned crease underneath. The positioning of the facial features and the overall shape of the head appear to be the same. Both doll heads have mouths slightly open and lips that are identically shaped. The court finds that the Li Su doll's head is substantially similar to the Darren Sleeping Head sculpture.

Next, the court addresses the Darren Awake/Asleep Arms.[79] The picture of the Li Su doll has a long sleeve shirt that covers all but portions of the fingers, making comparison of the arm sculptures very difficult.[80] In comparing the visible portions of the fingers, it is not clear that even that part of the arms sculpture is substantially similar. For example, the Darren Awake/Asleep Arms appear to have hands with relatively closed fists.[81] By contrast, the fingers on the left hand of one of the Li Su dolls is shown with two of the fingers more open. And the other picture of the Li Su doll shows so little of the fingers that no accurate comparison can be made. For all of these reasons, Bountiful Baby has not demonstrated that the Li Su arms are substantially similar to and infringe the Darren Awake/Asleep Arms.

Finally, the court considers the alleged infringement of Darren Awake/Asleep Legs. The Li Su exhibits only show the doll from the waist up; the legs are not visible.[82] Therefore, the court has no basis for making an infringement determination regarding the Darren Legs.

---

[79] V. Compl. ¶ 11 (depicting VA-2-281-257).
[80] V. Compl. ¶ 12 and Exs. D, E.
[81] V. Compl. ¶ 11 (depicting VA-2-281-257).
[82] V. Compl. Exs. D, E.

In short, the court finds that Li Su infringed Bountiful Baby's Darren Sleeping Head work. The scant record evidence does not support such a finding for the Darren Awake/Asleep Arms and Legs.

## II.   Remedies

### A.   Statutory Damages

Bountiful Baby seeks recovery of statutory damages for copyright infringement.[83] However, "default judgment . . . cannot be entered until the amount of damages has been ascertained."[84] The Copyright Act allows an award of statutory damages "for all infringements involved in the action, with respect to any one work . . . in a sum of not less than $750 or more than $30,000."[85] If the court finds that infringement was committed willfully, it may increase the award up to $150,000.[86] Thus, two elements must be evaluated to calculate the proper award: the number of works Li Su infringed and whether its infringement was done willfully.

The first element is easily resolved. The court may award damages for each "work" infringed.[87] A "work" under the Copyright Act is defined as "all the parts of a compilation or derivative work."[88] A "compilation' is a work formed by the collection and assembling of preexisting materials . . . that are selected, coordinated, or arranged in such a way that the resulting work as a whole constitutes an original work of authorship."[89] Bountiful Baby

---

[83] V. Compl. ¶ C.
[84] *Malluk v. Berkeley Highlands Prods., LLC*, 611 F. Supp. 3d 1134, 1137 (D. Colo. 2020).
[85] 17 U.S.C. § 504(c)(1).
[86] 17 U.S.C. § 504(c)(2).
[87] 17 U.S.C. § 504(c)(1).
[88] 17 U.S.C. § 504(c)(1).
[89] 17 U.S.C. § 101.

14

demonstrated that Li Su infringed the Darren Sleeping Head sculpture, but not the arms and legs. Each sculpture is an independent work that incorporates professional photographs, 3D scans, and artistic expertise.[90] Customers can customize their doll by mixing and matching various sculptures, which each have their own copyright. Thus, while customers may choose a set of matching Darren sculptures, the compilation of Darren sculptures into one doll is not one work. Each piece has its own economic value.

Next, the statutory maximum can be greatly increased if the infringement was willful. "[T]he plaintiff must prove that the defendant either knew that his or her conduct constituted copyright infringement or recklessly disregarded the possibility that his or her conduct constituted copyright infringement."[91] A defendant's default and failure to defend against allegations of willful infringement may support a finding that the defendant acted willfully.[92]

Li Su chose to place its dolls on Amazon.com and sell products to U.S. customers. When it received notice that its listing infringed copyrighted works, it did not remove the listing from the marketplace. It instead attested that the listing identified in the notice "was removed or disabled as a result of mistake or misidentification."[93] The evidence and uncontested facts demonstrate that Li Su's listings purposefully copied the Darren Sleeping Head design—they are apparently exact matches. Far from a harmless mistake, Li Su's actions demonstrate a knowing,

---

[90] Nevin Pratt Decl. ¶¶ 5–6.

[91] *Minden Pictures, Inc. v. Buzznick, LLC*, No. 2:22-cv-00369, 2023 WL 2243177, at *2 (D. Utah Feb. 27, 2023) (quoting *Nunes v. Rushton*, No. 2:14-cv-00627, 2018 WL 2214593, at *1 (D. Utah May 14, 2018)).

[92] See *Stokes v. Gold Prods. Inc.*, No. CIV-22-538, 2023 WL 6380009, at *2 (W.D. Okla. Sept. 29, 2023); *Shive v. J&C Baseball Clubhouse, Inc.*, No. CIV 15-0406, 2018 WL 1801278, at *1 (D.N.M. Mar. 5, 2018), R. & R. adopted, No. CV 15-0406, 2018 WL 1801909 (D.N.M. Apr. 12, 2018) (citing *Erickson Prods., Inc. v. Only Websites, Inc.*, 2016 WL 1337277 at *2 (S.D.N.Y. 2016)).

[93] V. Compl. Ex. F.

15

deliberate effort to sell dolls protected by copyright. The court finds that Li Su willfully infringed the Darren Sleeping Head sculpture.

Bountiful Baby seeks the maximum statutory damages available, $150,000.[94] A multi-factor test is used to determine the appropriate amount of statutory damages.

> (1) the expenses saved and the profits reaped; (2) the revenues lost by the plaintiff; (3) the value of the [copyright]; (4) the deterrent effect on others besides the defendant; (5) whether the defendant's conduct was innocent or willful; (6) whether a defendant has cooperated in providing particular records from which to assess the value of the infringing material produced; and (7) the potential for discouraging the defendant.[95]

The first three factors favor awarding substantial statutory damages. Bountiful Baby asserts that it has invested millions of dollars and years of refinement into its products.[96] It contends that it is the only company that creates realistic dolls using 3D scans and prints of real infants.[97] Bountiful Baby asserts that its sophisticated process has given it a unique value proposition to customers and a competitive advantage.[98] The Darren sculptures are among Bountiful Baby's most well-known products.[99] Li Su thus saved substantial development costs by copying the sculpture. Though the total lost revenue is unknown,[100] Li Su controls the

---

[94] Mot. for Default J. 14.

[95] *Klein-Becker USA, LLC v. Englert*, No. 2:06-CV-378 TS, 2011 WL 147893, at *14 (Jan. 18, 2011) (citing *Fitzgerald Publ'g Co. v. Baylor Publ'g Co.*, 807 F.2d 1110, 1117 (2d Cir. 1986)); *see also DP Creations, LLC v. Reborn Baby Mart*, 2:21-cv-00574-JNP, 2022 WL 3108232, at *7 (D. Utah Aug. 3, 2022) ("The most common listed of factors recited" include "the relationship between the statutory damages sought and any actual damages or profits, whether the infringement was willful or innocent, the need for deterrence, defendant's past infringement record, defendant's cooperation after the matter was brought to its attention, and the scope of the infringement.") (quoting 6 Patry on Copyright § 22:174).

[96] Nevin Pratt Decl. ¶ 5.

[97] Nevin Pratt Decl. ¶ 4.

[98] Nevin Pratt Decl. ¶¶ 5–6.

[99] Nevin Pratt Decl. ¶ 8.

[100] Mot. for Default. J. 15.

information needed but has avoided participation in the litigation. These factors support a maximum award.

The fourth factor, which evaluates whether maximum damages would serve as a deterrent against other counterfeiters, favors Bountiful Baby. This court and others has dealt with several infringement cases involving Bountiful Baby's products.[101] It can be helpful to "put defendants on notice that it costs less to obey the Copyright Act than to violate it."[102] Li Su failed to remove the listings even after receiving notice of its infringement.[103] Awarding substantial damages will deter Li Su from rebranding under a new name as well as new entrants into the market from selling unauthorized Bountiful Baby works.

The remaining factors also favor a maximum award. It has already been established that Li Su's infringement was willful. Thus, the fifth factor favors Bountiful Baby's request. The sixth factor also favors a maximum award. Li Su has not cooperated with discovery requests or responded to the complaint. Finally, the seventh element favors a maximum award because it will help Li Su face consequences for its actions, which until this point it has evaded. In short, the factors weigh strongly in favor of a maximum award. Because Li Su infringed one work, Bountiful Baby is entitled to $150,000.

---

[101] *See, e.g., DP Creations, LLC v. Zhang*, No. 2:22-cv-00693, 2024 WL 642963 (D. Utah February 15, 2024), *DP Creations, LLC v. Xiaoxia*, No. 2:22-cv-00765, 2023 WL 3851799 (D. Utah June 6, 2023); *DP Creations, LLC v. Adolly.com*, No. 2:22-cv-230, 2023 WL 3510749 (D. Utah May 17, 2023).
[102] *Malluk v. Berkeley Highlands Prods., LLC*, 611 F. Supp. 3d 1134, 1140 (D. Colo. 2020) (quoting *Girlsongs v. 609 Indus., Inc.*, 625 F. Supp. 2d 1127, 1131 (D. Colo. 2008)).
[103] *See* V. Compl. ¶ 18.

### B.    Attorneys' Fees

Bountiful Baby requests $5,637.20 in attorneys' fees and costs.[104] The Copyright Act provides for an award of reasonable attorneys' fees for the prevailing party in a copyright action.[105] However, attorneys' fees are not awarded "as a matter of course."[106] To determine whether an award is appropriate, "there is no precise rule or formula"[107] but courts evaluate nonexclusive list of factors including: "'frivolousness, motivation, objective unreasonableness . . . and the need in particular circumstances to advance considerations of compensation and deterrence.'"[108] Li Su infringed Bountiful Baby's copyrighted works willfully. Given the extensive history of counterfeiters misappropriating Bountiful Baby's sculptures, attorneys' fees are appropriate to compensate lost profits and deter others from infringing its works. An award of attorneys' fees is appropriate.

Next, the fees awarded must be reasonable. "A court will generally determine what fee is reasonable by first calculating the lodestar—the total number of hours reasonably expended multiplied by a reasonable hourly rate—and then adjust the lodestar upward or downward to account for the particularities of the suit and its outcome."[109] Counsel submitted a declaration which included a detailed description of the billing rate applied, the number of hours worked,

---

[104] Fee Declaration of Brian Platt, ECF No. 28-3, filed February 4, 2024.

[105] 17 U.S.C. § 505.

[106] *Vient v. Ancestry*, No. 2:19-cv-00051, 2021 WL 2141768, at *2 (D. Utah May 26, 2021) (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 533 (1994)).

[107] *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994).

[108] *Palladium Music, Inc. v. EatSleepMusic, Inc.*, 398 F.3d 1193, 1200 (10th Cir. 2005) (quoting *Fogerty*, 510 U.S. at 534 n. 19.).

[109] *Snyder v. Acord Corp.*, 811 F. App'x 447, 464 (10th Cir. 2020) (quoting *Zinna v. Congrove*, 680 F.3d 1236, 1242 (10th Cir. 2012)).

and the services rendered.[110] Counsel declared that the rates align with the market rate for attorneys and paralegals with similar experience.[111] He also declared that the hours billed were reasonable for this case.[112] The court's independent review of the billing entries confirms counsel's assertions. The hours expended and rates charged appear to be reasonable. Review of the services rendered revealed nothing unnecessary or frivolous. The court awards Bountiful Baby $5,637.20 in attorneys' fees and costs.

### C.   Permanent Injunction

Bountiful Baby requests a permanent injunction against further acts of infringement.[113] A permanent injunction may be awarded if a party demonstrates "(1) actual success on the merits; (2) irreparable harm unless the injunction is issued; (3) the threatened injury outweighs the harm that the injunction may cause the opposing party; and (4) the injunction, if issued, will not adversely affect the public interest."[114] "The decision to grant or deny permanent injunctive relief is an act of equitable discretion by the district court[.]"[115]

The first element has been met. As already explained, Li Su willfully infringed Bountiful Baby's copyrights.

---

[110] Decl. of Brian Platt, ECF No. 28-3, filed February 4, 2024 [hereinafter Decl. of Brian Platt].
[111] Decl. of Brian Platt ¶ 9.
[112] Decl. of Brian Platt ¶ 10.
[113] V. Compl. ¶ 21.
[114] *Crandall v. City & Cnty. of Denver*, 594 F.3d 1231, 1236 (10th Cir. 2010) (citation omitted).
[115] *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

### 1.    Irreparable Harm

The irreparable harm element "is the single most important prerequisite for the issuance of a[n] . . . injunction."[116] To succeed on this element, the movant "must demonstrate a significant risk that he or she will experience harm that cannot be compensated after the fact by money damages."[117] Courts consider "the difficulty in calculating damages, the loss of a unique product, and existence of intangible harms such as loss of goodwill or competitive market position."[118]

The Tenth Circuit applies a rebuttable presumption that injury is irreparable when a copyright infringement plaintiff demonstrates a likelihood on the merits for a *preliminary* injunction.[119] Bountiful Baby argues that this court should apply a similar presumption upon a finding of actual success on the merits pursuant to a *permanent* injunction.[120] Li Su has not rebutted this argument. On this record, the same logic applies: a presumption is warranted because "the financial impact of copyright infringement is hard to measure and often involves intangible qualities such as customer goodwill."[121] Thus, because Bountiful Baby has established success on the merits for its copyright infringement claim, it is entitled to a presumption of irreparable harm.

---

[116] *DTC Energy Grp., Inc. v. Hirschfeld*, 912 F.3d 1263, 1270 (10th Cir. 2018) (citation omitted).
[117] *First W. Cap. Mgmt. Co. v. Malamed*, 874 F.3d 1136, 1141 (10th Cir. 2017) (citation omitted).
[118] *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1264 (10th Cir. 2004).
[119] *Country Kids*, 77 F.3d at 1288–89.
[120] Mot. for Default J. 18.
[121] *Country Kids*, 77 F.3d at 1288–89.

Bountiful Baby further argues that the unauthorized use of its copyrighted works resulted in lost customers, market share, goodwill, and reputation.[122] Further, Li Su's counterfeiting has confused the public, damaging its brand.[123] Li Su has not made available records that could better quantify the harm done to Bountiful Baby. These facts all strongly support a finding of irreparable harm.

### 2.    Balance of Harms

Next, a plaintiff must demonstrate that its threatened injury outweighs the potential harm to the defendant under the injunction. In the context of a copyright infringement action, "when the case for infringement is clear, a defendant cannot avoid a[n] . . . injunction by claiming harm to a business built upon that infringement."[124] Thus, "the balance of harms is necessarily tied to the merits of the decision because harm to a copyright infringer is not weighed in the balance of harms."[125] Because Li Su willfully infringed Bountiful Baby's copyright, the balance necessarily favors Bountiful Baby. Li Su has no interest in continuing to engage in unlawful activity and Bountiful Baby will likely continue to suffer irreparable harm absent an injunction.

### 3.    Public Interest

Generally, this prong "weighs in favor of the issuance of an injunction because the public interest is the interest in upholding copyright protections."[126] "Otherwise, the rationale for

---

[122] Mot. for Default J. 18.
[123] Nevin Pratt Decl. ¶ 15.
[124] *Gen. Motors Corp. v. Urb. Gorilla, LLC*, 500 F.3d 1222, 1229 (10th Cir. 2007).
[125] *Cmty. Television of Utah, LLC v. Aereo, Inc.*, 997 F. Supp. 2d 1191, 1210 (D. Utah 2014).
[126] *Autoskill Inc. v. Nat'l Educ. Support Sys., Inc.*, 994 F.2d 1476, 1499 (10th Cir. 1993), *overruled on other grounds by TW Telecom Holdings Inc. v. Carolina Internet Ltd.*, 661 F.3d 495 (10th Cir. 2011); *see Taylor Corp. v. Four Seasons Greetings, LLC*, 403 F.3d 958, 968 (8th Cir. 2005) ("[I]t is virtually axiomatic that the public interest can

protecting copyright, that of encouraging creativity, would be undermined."[127] An injunction against Li Su serves the public interest because the protection of copyrighted material encourages creativity and safeguards consumers. Bountiful Baby has met all four elements, and the court grants its motion for a permanent injunction.

## ORDER

For the reasons stated, the court GRANTS IN PART Plaintiff's Motion for Default Judgment and Permanent Injunction.[128]

1. Default Judgment is HEREBY ENTERED against Defendant Li Su in the amount of $150,000 for the willful infringement of one protected work.

2. The court PERMANENTLY ENJOINS Defendant Li Su from infringing Plaintiff's copyrighted works pursuant to a separately filed order.

3. The court AWARDS Plaintiff $5,637.20 in attorneys' fees and costs. Post-judgment interest will accrue at the legal rate.

Signed August 13, 2024.

BY THE COURT

_____
David Barlow
United States District Judge

---

only be served by upholding copyright protections and, correspondingly, preventing the misappropriation of the skills, creative energies, and resources which are invested in the protected work.") (citation omitted).
[127] *E.g.*, *Apple Computer, Inc. v. Franklin Computer Corp.*, 714 F.2d 1240, 1254 (3d Cir. 1983).
[128] ECF No. 21.